RYAN SAMANS, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 284, 2009
Supreme Court of Delaware.
Submitted: July 17, 2009
Decided: August 27, 2009
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 27th day of August 2009, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, Ryan Samans, filed this appeal from the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Samans' opening brief that his appeal is without merit. We agree and affirm.
(2) The record reflects that Samans was arrested in July 2007 on nine criminal counts, including first degree robbery, assault, conspiracy, and weapon charges. He pled guilty in January 2008 to one count each of first degree robbery, possession of a firearm during the commission of a felony, and second degree assault (as a lesser included offense to first degree assault). In exchange for his guilty plea, the State dismissed the balance of the charges. The Superior Court ultimately sentenced Samans to a total period of fourteen years at Level V incarceration, with credit for time served, to be suspended after serving ten years in prison for a period of probation. Samans did not file a direct appeal. Instead, he filed a motion for reduction of sentence, which was denied. He also filed a motion for clarification of sentence, which resulted in the Superior Court issuing a corrected sentencing order reflecting the correct minimum mandatory portion of Samans' sentence. Thereafter, he filed a motion for postconviction relief, which the Superior Court denied. This appeal followed.
(3) In his opening brief on appeal, Samans asserts that he was denied the effective assistance of counsel because his trial counsel had a conflict of interest. Samans further argues that his attorney's incompetence resulted in his coerced guilty plea.
(4) To support a claim of ineffective assistance of counsel, a defendant must demonstrate that: (a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[1] A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel or else risk summary dismissal.[2]
(5) Although Samans contends that his attorney had a conflict of interest, essentially he argues that his attorney did not communicate with him and failed to properly investigate his case. Prior to entering his plea, Samans had filed a motion to disqualify his counsel. He failed to pursue that motion, however, after the Superior Court informed him that new counsel would not be appointed for him in the absence of an actual conflict of interest. In the guilty plea form and during his plea colloquy, Samans expressed satisfaction with his counsel's performance and stated under oath that no one had coerced him into taking a plea. In the absence of clear and convincing evidence to the contrary, Samans is bound by these statements.[3] Samans has presented no clear contrary evidence to call his prior sworn testimony into question.
(6) Samans has failed to substantiate his claim of ineffective assistance of counsel by the attorney who represented him during the guilty plea proceeding. We find it manifest on the face of Samans' opening brief that his appeal is without merit. The State's motion to affirm shall be granted.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Hill v. Lockhart, 474 U.S. 52, 58 (1985).
[2] Younger v. State, 580 A.2d 552, 556 (Del. 1980).
[3] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).